UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DNET SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-cv-0252-DFH-JMS |
| ) | |
| DIGITAL INTELLIGENCE SYSTEMS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON PENDING MOTIONS

Plaintiff DNET Services, LLC alleges that defendant Digital Intelligence Systems Corporation (DISYS) breached contracts and committed the torts of fraud and conversion in connection with two contracts to provide computers and related services to the State of Indiana. DNET is a minority-owned business enterprise. It alleges in essence that DISYS schemed to defraud both DNET and the State of Indiana by entering into, or appearing to enter into, subcontracts with DNET to satisfy the State's interest in promoting the use of minority and women owned businesses in State contracting, while never intending actually to use DNET for any services.

DISYS has moved to dismiss the complaint under Rule 12(b)(6) and Rule 9(b) for failure to state a claim upon which relief can be granted. DNET has responded with a motion for leave to file an amended complaint and a motion to

substitute a second version of the amended complaint. In their briefs, the parties appear to agree that Virginia law governs their relationship.

Because defendant had not answered, plaintiff was not required to seek leave to amend its complaint. See Fed. R. Civ. P. 15(a)(1). Plaintiff's motion to substitute a different proposed complaint technically requires court approval, see Fed. R. Civ. P. 15(a)(2), but the second proposed amended complaint merely corrected a (common) mistake of failing to attach electronically an exhibit to the proposed amended complaint. Accordingly, plaintiff's motion to amend its complaint (Docket No. 20) and motion to substitute proposed complaint (Docket No. 36) are both hereby granted, and the operative complaint is the document attached as Exhibit B to Docket No. 36, which shall be deemed filed as of this date. That action moots the defendant's pending motion to dismiss the original complaint (Docket No. 7).

In the interest of avoiding duplicative briefing on a second motion to dismiss, the court offers the following observations.

First, although defendant is correct that the Federal Rules of Civil Procedure apply to civil cases pending in federal courts, when the defendant removes a case to federal court and the moves to dismiss for the state court complaint's supposed failures to comply with the federal rules, the plaintiff is entitled to point out that it filed its complaint in state court and complied sufficiently with state rules of

procedures. That's one situation in which the federal court must allow the plaintiff an opportunity to amend its complaint. See generally Fed. R. Civ. P. 15(a)(2) (court should "freely give leave [to amend pleadings] when justice so requires").

Second, the court will not dismiss on the pleadings plaintiff's claims for breach of contract. Plaintiff has alleged a triangular relationship in which defendant, as a prime contractor, represented to the customer (the State of Indiana) that defendant had entered into sub-contracts with plaintiff. That triangular relationship complicates the situation as to just what promises were made and the extent to which they became legally binding on defendant when the State of Indiana awarded contracts to defendant. The court does not believe those questions can be resolved on a motion to dismiss.

Third, punitive damages are not available as a matter of Virginia law for the straight breach of contract claims. Plaintiff may or may not be able to prove its fraud and conversion claims, which could support punitive damages, but proof of such an independent tort is necessary to obtain punitive damages under Virginia law. See *City of Richmond v. Madison Mgmt. Group, Inc.*, 918 F.2d 438, 447 (4th Cir. 1990), citing *Kamlar Corp. v. Haley*, 299 S.E.2d 514, 518 (Va. 1983).

Fourth, the court agrees with defendant that the proposed substitute complaint (now the operative complaint) does not plead fraud with sufficient

particularity in that it fails to identify specific written and oral communications (with the "who, what, when, where, and how" details) as required under Rule 9(b). *E.g.*, *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Nevertheless, the operative complaint provides sufficient detail concerning a fairly well documented set of transactions. It seems likely that plaintiff can identify at least some of those communications sufficiently to satisfy those requirements. Plaintiff is entitled to an opportunity to do so. See, *e.g.*, *Barry Aviation Inc. v. Land O'Lakes Municipal Airport*, 377 F.3d 682, 690 (7th Cir. 2004) (district court abused discretion by dismissing without leave to amend). Accordingly, Count Three of the operative complaint is dismissed, without prejudice to plaintiff's ability to file a Second Amended Complaint **no later than September 30, 2008** curing the deficiencies. Defendant shall have thirty days from service to respond to a Second Amended Complaint, or, if no Second Amended Complaint is filed by that date, **until October 15, 2008** to respond to the currently operative complaint.

Fifth, the court is unlikely to dismiss the conversion claim in Count Four on the pleadings. Plaintiff's theory is at best near the outer edges of the tort of conversion, but the court believes the issues surrounding that claim would be better addressed at a later stage of the case with more factual development, particularly since at least the breach of contract claims will survive dismissal at the pleading stage.

Sixth, the court is unlikely to dismiss plaintiff's prayer for attorney fees at the pleading stage. Virginia law appears to provide for such awards in egregious cases of willful torts. See *Prospect Development Co. v. Bershader*, 515 S.E.2d 291, 301 (Va. 1999) (affirming award of attorney fees: "We hold that in a fraud suit, a chancellor, in the exercise of his discretion, may award attorney's fees to a defrauded party. When deciding whether to award attorney's fees, the chancellor must consider the circumstances surrounding the fraudulent acts and the nature of the relief granted to the defrauded party."). It remains to be seen whether plaintiff can prove such a claim, but dismissal at this stage is not warranted.

To summarize, plaintiff's motions for leave to amend the complaint (Docket No. 20) and for leave to substitute proposed complaint (Docket No. 36) are hereby granted. The operative complaint is the document attached to Docket No. 36 as Exhibit B. Defendant's motion to dismiss the original complaint (Docket No. 7) is hereby denied as moot. Nevertheless, based on the briefing already done, the court dismisses the prayer for punitive damages in Counts One and Two, and dismisses Count Three of the operative complaint. This dismissal is without prejudice to plaintiff's ability to file a Second Amended Complaint **no later than September 30, 2008**. If plaintiff files a Second Amended Complaint, defendant shall respond no later than 30 days after service of that pleading. If plaintiff does not file a Second Amended Complaint by September 30, 2008, defendant shall respond to the operative complaint **no later than October 15, 2008**.

-6-

So ordered.

Date: September 3, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Keith Gerald Blazek
CRAVEN, HOOVER & BLAZEK, P.C.
kblazek@chblawfirm.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com